No. 654 September 11, 2024 27

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of P. A. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. E. B.,
*Appellant.*

Lane County Circuit Court
22JU06187; A183725

Bradley A. Cascagnette, Judge.

Submitted August 14, 2024.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a judgment terminating her parental rights to her 10-year-old son, P, raising a single assignment of error. In that assignment of error, mother contends that the trial court erred in determining that termination of mother's parental rights is in P's best interests. We review *de novo*, ORS 19.415(3)(a), ORS 419A.200(6), and affirm.

A parent's rights can be terminated only if the juvenile court determines that termination is in the best interests of the child. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated * * * only upon a petition filed by the state or the ward for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward[.]"). We do not presume that termination of parental rights and adoption are in the best interests of the child in every case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161-63, 166, 442 P3d 1100 (2019). Rather, we consider the needs and circumstances of the child to determine whether "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Here, mother argues that termination is not in P's best interests because P shares a bond with mother, P has expressed a desire to see mother, and "no evidence described why termination of mother's parental rights was necessary to meet P's permanency needs." The states responds that P's bond with mother is "not healthy" because mother "will not prioritize [P]'s safety or well-being," that mother's continued relationship with P's abuser "prevents [P] from spending time with her," and that "[P], more than other children, needs to have the security and stability of adoption."

Having reviewed the record, we agree with the juvenile court that termination of mother's parental rights is in P's best interests. The record indicates that, while P is bonded to and desires contact with mother, mother's continued relationship with P's abuser is harmful to P and exacerbates P's emotional and behavioral challenges by causing

P fear and hypervigilance. Further, due to those emotional and behavioral challenges, as well as ongoing medical issues, "[P] has an urgent need for permanency and for stability." Thus, the benefits to P of severing the legal relationship between mother and P outweigh the risk of harm to P; adoption is in P's best interests; and the trial court did not err in terminating mother's parental rights to P.

Affirmed.